MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
90 Park Avenue, Suite 1700
New York, New York 10016
(212) 786-7368 (phone)
(212) 786-7369 (fax)
*Attorneys for Plaintiff*

**JUDGE ROBINSON**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**05 CV 5553**

-------------------------------------------------------X

MARCELO ROBLES,

                        *Plaintiff,*

          -against-

ARGONAUT RESTAURANT & DINER, INC.,
RITA PLANET, INC. & SOTIRIOS KOLLIAS,

                       *Defendants.*

-------------------------------------------------------X

                       **COMPLAINT**

                       **Jury Trial Demanded**

                       **ECF Case**

       Plaintiff Marcelo Robles ("Plaintiff" or "Robles"), by his attorney, Michael Faillace &

Associates, P.C., alleges upon knowledge as to himself and upon information and belief as to all

other matters as follows:

## NATURE OF ACTION

       1.      This is an employment discrimination action brought by Robles to recover

damages against Argonaut Restaurant & Diner, Inc. ("Argonaut"), Rita Planet, Inc. ("Rita

Planet"), and Sotirios Kollias ("Kollias") (collectively "Defendants"), for violation of his rights

under the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the

Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the New York

State Executive Law, §290 *et seq.* (the "Human Rights Law").

2.      In violation of federal and state labor laws, Defendants discriminated and harassed Robles on the basis of his age and national origin. Shortly after Robles complained about the harassment and hostile work environment, Defendants retaliated against him and terminated his employment.

3.      Robles also seeks to recover unpaid compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, New York Labor Law § 652 *et seq.*, the "spread of hours" wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4 and 142-2.20 (2005) (herein the "Spread of Hours Wage Order"). Defendants required Robles to work over forty hours per week, but maintained a policy and practice of making impermissible deductions from his weekly salary that violated the salary basis test and resulted in a loss of exemption.

## JURISDICTION AND VENUE

4.      This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, Title VII's special venue statute, 42 U.S.C. § 2000e, § 7(b) of the ADEA, 29 U.S.C. § 626(c)(1), and 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

5.      Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district. Defendants reside in this district and Plaintiff was employed by Defendants in this district.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

## PARTIES

7.      Plaintiff Marcelo Robles is an adult male residing in Westchester County, New York.

8.      Defendant Argonaut is a corporation organized and existing under the laws of the State of New York. Argonaut is located in Westchester County at 1084 Yonkers Avenue, Yonkers, New York 10704. Defendant Kollias is the sole owner, chairman, and/or Chief Executive Officer of Argonaut and controls its day-to-day operations.

9.      Defendant Rita Planet is a corporation organized and existing under the laws of the State of New York. Rita Planet is located in Westchester County at 100 Marymount Avenue, Tarrytown, New York 10591. Rita Planet operates a small cafeteria doing business under the trade name Café Eclipse. Defendant Kollias is the owner, chairman, and/or Chief Executive Officer of Rita Planet.

10.     Defendant Kollias ("Kollias") is sued herein in his individual capacity and in his official capacity as agent for Argonaut and Rita Planet. At times relevant to this action, Kollias served as an employee, officer, manager, and/or agent of Corporate Defendants.

11.     Both Argonaut and Rita Planet were involved in controlling Robles's employment situation and thus constitute joint and/or integrated employers. Argonaut and Rita Planet are interrelated operations that share common ownership, common management, and utilize a centralized control of labor relations.

12.     Defendants are subject to the jurisdiction of this Court.

3

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.     On or about October 15, 2004, Robles filed a Charge of Discrimination against Café Eclipse and Argonaut with the New York District Office of the Equal Employment Opportunity Commission ("EEOC").

14.     Robles charged Café Eclipse and Argonaut with unlawful discrimination and retaliation based on his national origin and age (Charge No. 161-2005-00065).

15.     On or about April 25, 2005, Robles received notice dated April 20, 2005 from the EEOC, informing him of his right to file a civil action.

16.     This lawsuit has been timely filed within 90 days of each Plaintiff's receipt of the EEOC's right-to-sue notice.

## FACTUAL ALLEGATIONS

17.     Robles was born on January 16, 1946 and is currently fifty-nine years old.

18.     Robles began working at Argonaut in 1982 as an Assistant Manager on the night shift. In addition to supervising other employees, he performed cashier duties and occasionally assisted in the kitchen.

19.     In December 1995, Kollias transferred Robles to the Tarrytown Restaurant & Diner ("Tarrytown Restaurant"), another restaurant which he owned. At Tarrytown Restaurant, Robles was the Manager of the night shift, which ran from 5:00 PM until 2:00 AM.

20.     In early 2001, Kollias decided to sell Tarrytown Restaurant but promised Robles a position at Argonaut as a Manager with a raise in pay after the sale. Kollias sold Tarrytown Restaurant on May 5, 2001. The following day, Kollias instructed Robles to go on vacation and informed him that he could begin working at Argonaut upon his return.

4

*Kollias' Discriminatory Acts and Harassment*

21.     When Robles returned from vacation, Kollias told him he was no longer needed. Kollias replaced Robles by hiring Nick Overtis ("Overtis"), an Italian male under the age of 40. Unlike Robles, who had worked in restaurant management for over twenty years, Overtis had no prior experience and was much less qualified.

22.     Because Robles had been a valued employee and performed his job well, members of Argonaut's management lobbied for his rehire. As a result of their intervention and pressure, Kollias reluctantly rehired Robles in March 2002. However, instead of reinstating him to his managerial position, Kollias assigned Robles to work as a Front Man reporting to Overtis, an effective demotion.

23.     A few months after Robles' return, Kollias discriminated against him on the basis of his age and national origin and created a hostile work environment by continuously harassing and humiliating him in front of other employees.

24.     On numerous occasions, Kollias disparaged Robles in front of other Argonaut employees, calling him an "unskilled man who was too old and stupid" to place orders in the computer system. Kollias also referred to Robles as the "senile old man."

25.     Similarly, Kollias expressly told him that "you Peruvians are stupid. You don't speak and understand English, please do me a favor, go home."

26.     On October 26, 2002, Kollias began deducting $50 from Robles' paycheck each week, informing him that he had to repay the restaurant for employment taxes. However, Argonaut did not garnish the pay of younger, non-Peruvian employees, including the Chef, the Sautee Chef, the baker, and the cooks.

5

27.     Although Kollias continued to make unfounded allegations against Robles for customer complaints, regular business problems at the restaurant, and other incidents, such as a dent to his automobile, Robles politely informed Kollias that he believed the harassment was unprofessional and asked him to stop.

28.     However, the harassment continued, and on June 30, 2003, Robles filed a complaint with the General Manager of Argonaut.

*Retaliation and Continued Harassment*

29.     Immediately after Robles filed the complaint, Kollias reduced Robles' compensation by decreasing his weekly hours from 60 to 50, claiming that "business was too slow." Kollias also denied Robles from taking a meal break during the entire length of his shift. However, Kollias allowed younger non-Peruvian employees such as Overtis to take cigarette breaks and did not penalize them when they arrived late.

30.     Kollias increased the harassment to an unbearable level, swearing at Kollias in Greek, calling him a "masturbator" and "fucking old man," berating him at least three or four times per day. In addition, Kollias repeatedly told Argonaut managers that Robles was "senile and retarded."

31.     On July 20, 2003, Kollias assigned Robles to work at Café Eclipse as a Cafeteria Supervisor to replace a manager who had resigned. Kollias continued to harass Robles during his visits to Café Eclipse.

32.     On January 7, 2004, Robles discussed the harassment with two other employees, who reported Robles' complaints to Kollias.

33.     On January 14, 2004, Kollias terminated Robles for allegedly making sexual comments to a customer at Eclipse. This fabricated allegation was a pretext for discrimination against Robles, as the termination was premature and baseless.

34.     Kollias not only terminated Robles prior to conducting an investigation on the matter, but also violated Eclipse's established disciplinary procedures and customary enforcement policies. For example, Argonaut merely suspended Enrique Herrera, a non-Peruvian, younger employee, pending the outcome of a sexual harassment claim made against him. Even after determining that Herrera had engaged in unlawful sexual harassment, Kollias only requested Herrera to resign voluntarily for show. Kollias then re-hired Herrera at a later date.

35.     Kollias promoted Luke Horan, the Sautee Chef at Argonaut, to replace Robles at Eclipse. Horan is Caucasian and under the age of 40.

36.     Defendants' acts constitute a continuing violation because the discriminatory and illegal salary garnishment and Kollias' pervasive harassment continued and culminated in Robles' termination. Further, Robles' reduction in pay, which began in June 2003 and continued until his termination, was made in retaliation for his protected activity of reporting the harassment.

**FIRST CAUSE OF ACTION**
**Violation of Title VII**

37.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

38.     At all times relevant to this Complaint, Defendants were joint and/or integrated employers within the meaning of Title VII. Defendants employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

39.     In violation of Title VII, Defendants intentionally harassed and discriminated against Plaintiff by subjecting him to disparate treatment on account of his national origin and by denying him the more favorable compensation, terms, conditions, and privileges of employment enjoyed by similarly situated employees who are not Peruvian.

40.     Defendants intentionally discriminated and retaliated against Plaintiff on the basis of his opposition to unlawful employment practices and on account of his national origin.

41.     Defendants' unlawful acts and omissions and ongoing policy and practice of intentional discrimination motivated by animus toward Plaintiffs' national origin constitute a continuing violation.

42.     Defendants' acts and omissions alleged herein were reckless, malicious, and made with callous disregard and deliberate indifference to Plaintiff's rights.

43.     As a result of Defendants' discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other reemployment benefits, and has suffered other monetary damages and compensatory damages for, *inter alia*, mental anguish, emotional distress, and humiliation.

44.     Plaintiff has been damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### Violation of the ADEA

45.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

46.     At all times relevant to this Complaint, Defendants were engaged in an industry affecting commerce as defined in § 11(h) of the ADEA, 29 U.S.C. § 630(h).

47.     At all times relevant to this Complaint, Defendants were joint and/or integrated employers within the meaning of the ADEA. At all times relevant to this Complaint, Defendants

8

have employed 20 or more employees for each working day in each of 20 or more calendar weeks in the preceding calendar year. Defendants were and are, therefore, an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

48.     In violation of the ADEA, Defendants intentionally harassed and discriminated against Plaintiff by subjecting him to disparate treatment on account of his age and by denying him the more favorable compensation, terms, conditions, and privileges of employment enjoyed by younger employees.

49.     Defendants intentionally discriminated and retaliated against Plaintiff on the basis of his opposition to unlawful employment practices and on account of his age.

50.     Defendant acted willfully and in reckless disregard of Plaintiff's rights.

51.     Plaintiff has been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### Violation of the New York State Human Rights Law

52.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

53.     Defendants are employers within the meaning of the New York State Human Rights Law.

54.     In violation of the New York State Human Rights Law, Defendants intentionally harassed and discriminated against Plaintiff by subjecting him to disparate treatment on account of his national origin and age, and by denying him the more favorable compensation, terms, conditions, and privileges of employment enjoyed by similarly situated employees.

55.     Defendants intentionally discriminated and retaliated against Plaintiff on the basis of his opposition to unlawful employment practices and on account of his national origin and age.

9

56.     Kollias directly participated in the unlawful discrimination, harassment, and retaliation against Plaintiff.

57.     The acts and omissions alleged herein were reckless, malicious, and made with callous disregard and deliberate indifference to Plaintiff's rights.

58.     As a result of Defendants' discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other reemployment benefits, and has suffered other monetary damages and compensatory damages for, *inter alia*, mental anguish, emotional distress, and humiliation.

59.     Plaintiff has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### Fair Labor Standards Act

60.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61.     Plaintiff, who was engaged in commerce or in the production of goods for commerce while employed by Defendants, is an individual covered by the Fair Labor Standards Act, 29 U.S.C. 206.

62.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

63.     Each Defendant is an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

64.     Plaintiff regularly worked in excess of forty hours per week for Defendants, and Plaintiff's shift often exceeded ten hours per day.

10

65.     Defendants maintained a policy and practice of making impermissible deductions from Plaintiff's weekly salary that violated the salary basis test and resulted in a loss of exemption.

66.     Defendant intentionally failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate for each hour worked in excess of forty (40) hours per week in violation of 29 U.S.C. § 201 *et seq.*

67.     Defendant's failure to pay Plaintiff minimum wage and premium overtime was willful within the meaning of 29 U.S.C. § 255(a).

68.     Plaintiff has been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### New York State Labor Law

69.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

70.     Defendant intentionally failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate for each hour worked in excess of forty (40) hours per week in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

71.     Defendant's failure to pay Plaintiff minimum wage and premium overtime was willful within the meaning of N.Y. Lab. Law § 663.

72.     Defendant failed to pay Plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

73.     Plaintiff has been damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

(a)     On the First through Third Causes of Action, back pay, in an amount to be determined at trial; front pay, including the value of all benefits, in an amount, not less than $250,000;

(b)     Liquidated damages in an amount equal to twice Plaintiff's backpay losses as authorized by the ADEA;

(c)     Compensatory damages in an amount, not less than $500,000, to be determined at trial;

(d)     Punitive damages, in an amount, not less than $50,000, to be determined at trial;

(e)     On the Fourth and Fifth Causes of Action, unpaid wages, including overtime premiums and spread of hours pay under the FLSA and New York Labor Law;

(f)     Liquidated damages in an amount equal to the minimum wage, spread of hours pay, and overtime compensation owed pursuant to 29 U.S.C. § 216(b);

(g)     Liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to § 198 of the New York Labor Law;

(h)     For prejudgment interest;

(i)     For reasonable attorneys' fees, together with the costs and expenses incurred in this action; and

(j)     For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands

a trial by jury on all claims so triable.

Dated: New York, New York
       June 13, 2005

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____
    Michael Faillace [MF-8436]
    90 Park Avenue, Suite 1700
    New York, New York 10016
    (212) 786-7368 (phone)
    (212) 786-7369 (fax)
    *Attorneys for Plaintiff*